# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1234V
Filed: September 4, 2018
UNPUBLISHED

| | |
|---|---|
| BETSY LE,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Anh V. Tran*, Mathis & Donheiser, P.C, Dallas, TX, for petitioner.
*Jennifer Leigh Reynaud*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On September 30, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she received an influenza ("flu") on October 4, 2013, and subsequently suffered a shoulder injury as a result of the flu vaccination. Petition at 1. On April 3, 2018, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. (ECF No. 45).

  On June 20, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 48). Petitioner requests attorneys' fees in the amount of $17,508.50 and attorneys' costs in the amount of $1,327.45. *Id.* at 5. In accordance with General Order #9,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

petitioner's counsel represents that petitioner incurred no out-of-pocket expenses. (ECF No. 51-1). Thus, the total amount requested is $18,835.95.

On July 5, 2018, respondent filed a response to petitioner's motion. (ECF No. 49). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

I. **Reasonable Attorney Fees**

The Federal Circuit endorses the lodestar approach to determine reasonable attorneys' fees and costs. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under the lodestar approach, a court makes "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). After this initial calculation, the court "may then make an upward or downward departure to the fee award based on other specific findings." *Id.* at 1348.

The reasonableness standard applies both to attorneys' fees and costs. *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 315 (2008). The application must provide sufficient detail and explanation of the time billed so that a special master may adjudge the reasonableness of the amount requested. *Bell v. Sec'y of Health & Human Servs.*, 18 Cl. Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *8 (Fed. Cl. Spec. Mstr. July 27, 2009). It is the petitioner who bears the burden of adequately documenting the fees and costs. *Rodriguez*, 2009 WL 2568468, at *8.

Special masters need not conduct a line-by-line evaluation of a petitioner's fee application to determine a reasonable number of hours expended. *Wasson v. Sec'y of Health & Human Sevs.*, 24 Cl.Ct. 482, 484, *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993); *Nelson v. Sec'y of Health & Human Servs.*, No. 14-70V, 2015 WL 9302973 at *2 (Fed. Cl. Spec. Mstr. Nov. 30, 2015) ("It is within the special master's discretion to

2

reduce the number of hours by a percentage of the amount charged, rather than making a line-by-line determination regarding the reasonableness of the charges"). Special masters have discretion to discern whether any of the requested hours are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (internal quotations and citations omitted). In contemplating reductions, special masters have the latitude to "consider their prior experience in reviewing fee applications and even dealings with the specific attorney involved." *Savin*, 85 Fed. Cl. at 315. It is further within the purview of special masters to reduce a fee request *sua sponte*, apart from or in the absence of respondent's objections, and without providing petitioner notice or opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009); *Estate of Bondi by Shoemaker v. Sec'y of Health & Human Servs.*, No. 12-476V, 2017 WL 1046526 at *2 (Fed. Cl. Spec. Mstr. Feb. 23, 2017).

## II. Hourly Rates

### A. Anh V. Tran

Petitioner requests compensation for attorney Anh V. Tran at the following rates; $190 per hour for work performed from September 2015 – September 7, 2016 and $230 per hour for work billed from September 12, 2016 to date. (ECF No. 48 at 1). Ms. Tran's hourly rate has previously been reduced in another vaccine program case based on the OSM Attorney Forum Rate Fee Schedule.[3] In *Foxx*, the special master reduced the rates awarded to Ms. Tran to $150 per hour for work performed in 2015 and $156 per hour for work performed in 2016. *Foxx v. Sec'y of Health & Human Servs.,* No. 15-0670V, 2016 WL 7785861, at *7 (Fed. Cl. Spec. Mstr. Dec. 21, 2016). Ms. Tran has been barred in the state of Texas since 2014, placing her in the range of attorney's with less than 4 years' experience for the duration of this case. (ECF No. 48 at 18).

Given Ms. Tran's inexperience in the Vaccine Program[4], a reduction of her requested rates is deemed appropriate. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). The undersigned finds the rates awarded to Ms. Tran in *Foxx* to be reasonable and awards them herein. Furthermore, based on the undersigned's experience and application of

---

[3] These rates are derived from the undersigned's application of the OSM Attorneys' Forum Hourly Rate Schedules for years 2015 - 2017 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914. The undersigned incorporates by reference all of the explanatory notes contained in these rate schedules. *See also McCulloch*, 2015 WL 5634323, at *19.

[4] This is Ms. Tran's first case as attorney of record.

the factors discussed in *McCulloch*, Ms. Tran's requested hourly rate for work performed in 2017 is hereby reduced to $175. *McCulloch*, 2015 WL 5634323, at *17. Therefore, the request for attorney fees is **reduced by $2,598.90**.[5]

B.  Randal G. Mathis

Attorney Randal G. Mathis, a partner at Mathis & Donheiser, P.C. and member of the state of Texas bar since 1980, billed at a rate of $435 per hour from 2015 – 2017. (ECF No. 48 at 1). In *Foxx,* Mr. Mathis' was awarded the rates of $385 per hour for 2015 and $400 per hour for 2016 based in-part on the OSM Attorney Forum Rate Fee Schedule. *Foxx* at *6. The undersigned finds these rates reasonable and awards them herein. Furthermore, based on the Court's Fee Schedule[6] and *McCulloch*, the undersigned deems the appropriate hourly rate for Mr. Mathis in 2017 to be $420.[7] Therefore the undersigned **reduces the fee request by $398.50**.[8]

C.  Julie Bayless

Paralegal, Julie Bayless billed at a rate of $160 per hour. (ECF No. 48 at 1). Ms. Bayless' requested rate has previously been reduced to $125 per hour for work performed in 2015 and $130 per hour for work performed in 2016. *Foxx* at *6 (stating that "[p]aralegals receiving forum rate[s] are eligible for an hourly rate between $125 and $145."). The undersigned finds these rates reasonable and awards them herein. This results in a **reduction of $593.50**.[9]

III.  Administrative Time

It is clearly established that secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S*., 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.,* No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other

---

[5] This amount consists of ($190 - $150 = $40 x 6.6 = $264.00) + ($190 - $156 = $34 x 1.0 = $34) + ($230 - $156 = $74 x. 11.1 = $821.40) + ($230 - $175 = $55 x. 26.90 = $1,479.50) = $2,598.90.

[6] An affidavit from Mr. Mathis was not submitted with petitioner's motion. In Foxx, Mr. Mathis was stated to have been practicing for 36 years, with 4 years in the Vaccine program at that time. *Foxx,* *7.

[7] Under the Court's Fee Schedule, an attorney with over 31 years' experience is entitled to hourly rates between $394 - $440 for 2017.

[8] This amount consists of ($435 - $385 = $50 x 5.3 = $265) + ($435 - $400 = $35 x 2.4 = $84) ($435 - $420 = $15 x. 3.3 = $49.50) = $398.50.

[9] This amount consists of ($160 - $125 = $35 x 5.3 = $185.50) + ($160 - $130 = $30 x 13.6 = $408) = $593.50.

4

secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 6.9 hours was billed on tasks considered administrative including, scanning, mailing, organizing and paying medical invoices.[10] Accordingly, the undersigned **reduces the request for attorney fees by $566.50**.[11]

### IV.     Costs

Petitioner requests compensation for attorney costs in the amount of $1,327.45. These costs include medical records, filing fees, and postal charges. (ECF No. 48 at 14-16). On July 17, 2018 the undersigned filed a scheduling order for petitioner's counsel to submit receipts or invoices to support the request for attorney costs.[12] (ECF No. 50). On July 30, 2018 petitioner submitted the requested receipts for costs. (ECF No. 51). Upon review of the invoices and receipts the undersigned notes that there is no supporting documentation for the following payments: July 12, 2016 ($50.23) "Firm check to UTSW for payment of records related to Betsy Le." and July 7, 2017 ($40.00) "Addison Internal Medicine for medical records." Therefore the undersigned **reduces the request for costs by $90.23**.

### V.     Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Petitioner's motion for attorneys' fees and costs is **GRANTED IN PART** as follows:

**<u>Attorney Fees:</u>**

| | |
|---|---|
| Total Requested: | $17,508.50 |
| Less Rate Adjustment for Anh Tran: | ($2,598.90) |
| Less Rate Adjustment for Randal Mathis: | ($ 398.50) |

---

[10] Examples of these entries include: December 10, 2015 (0.40 hrs) "Request and mail checks for records, along with invoices to Touchstone Imaging Junis and UTSW for records regarding Ms. Le at Clinical Center at Richardson/Plano.", September 29, 2016 (0.70hrs) "burn CD-ROMs containing Petitioner's Exhibit Nos. 1-10 (to be mailed to the Clerk of the United States Court of Federal Claims and Secretary of Health and Human Services on September 30, 2016))  and September 30, 2016 (1.60 hrs) "attention to organizing documents and CDs to be forwarded to US Court of Federal Claims and the Secretary of Health and Human Services." These entries are merely examples and not exhaustive.

[11] This amount consists of 1.10 hours at the already reduced rate of $125 per hour and 3.30 hours at the already reduced rate of $130 per hour.

[12] Prior to the filing of the scheduling order, petitioner's receipts were requested by the court via email to the parties on July 10, 2018. Petitioner provided no response.

| | |
|---|---|
| Less Paralegal Rate Adjustment: | ($   593.50) |
| Less Administrative Time: | ($   566.50) |
| <u>Petitioners Costs Awarded:</u> | <u>+ $  1,237.22</u> |
| **Total Attorney's Fees and Costs Awarded:** | **$ 14,588.32** |

**Accordingly, the undersigned awards the total of $<u>14,588.32</u>[13] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Anh Van Tran.**

The clerk of the court shall enter judgment in accordance herewith.[14]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[13] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[14] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.